UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE LIFE INSURANCE, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. |
| | ) | 3:11-cv-01860-ARC |
| v. | ) | |
| | ) | |
| MARY LOU MCBREARTY, | ) | |
| CAROL VILCKO, and | ) | |
| FRANK FALCONE | ) | |
| Defendants | ) | |

**DEFENDANTS CAROL VILCKO AND FRANK FALCONE'S RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INTERPLEADER AND CROSSCLAIM AGAINST DEFENDANT, MARY LOU MCBREARTY**

Defendants, Carol Vilcko and Frank Falcone, by and through their undersigned attorney, hereby files this Answer to Plaintiff's First Amended Complaint for Interpleader and avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted. It is believed that Ms. Falcone misunderstood the designation of Beneficiary because her Investment Objective was to benefit her "Heirs". See page 13 of Exhibit "A". Furthermore, soon after, on or about 02/24/06, Ms. Falcone changed her Designation of Beneficiary to include her "heirs", her three children.

10. Admitted.

11. Admitted. It is believed and therefore averred that Ms. Falcone told Ms. McBrearty about her desire to benefit her three children, and that Ms. McBrearty either persuaded her mother to sign a different Designation of Beneficiary or had her mother sign something not knowing that it was a change of Beneficiary Form.

12. Admitted. This is the first time that Ms. Vilcko became aware of the Annuity. When Ms. Vilcko discussed the Annuity with her mother, Ms. Falcone indicated that she wanted her Estate and her Annuity distributed equally among her three children. Ms Falcone then signed a Designation, again, naming her three Children as beneficiaries of the annuity.

13. Admitted. By way of further answer, it is unknown why, and also inconceivable that Ms. McBrearty would sign and file two conflicting BCRs on the same day. It is however, believed, and averred that said changes were made without consultation with Ms. Falcone.

14. Admitted. By way of further answer, it is again inconceivable that Ms. Falcone, given the state of her health, would be filing conflicting BCRs without the undue

      influence of Ms. McBrearty.

15. Admitted. It is believed, and therefore averred that Mr. McBrearty, Ms McBrearty's husband, forwarded this document since it contains a fax number for the PPL where he works, but Ms McBrearty does not.

16. Admitted. It is unknown why Ms. Falcone would again change beneficiaries to Ms. McBrearty when she wanted her Estate divided equally among her three children. By way of further answer, it appears that this BCR was signed on January 24, the same date as the previous two BDR's.

17. Admitted. By way of further answer, the signature of Ms. Falcone appearing on this Exhibit, although similar, appears to be different than all of the other signatures of Ms. Falcone. It is believed and therefore averred that Ms. McBrearty signed this BCR, designating herself as Irrevocable Beneficiary.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. No response required.

24. No response required.

25. No response required.

26. No response required.

27. No response required.

28. No response required.

29. No response required.

30. No response required.

WHEREFORE, Carol Vilcko and Frank Falcone respectfully requests this Honorable Court to:

    A. Order that the wishes of Ms. Nicolene Falcone be honored and that the proceeds of Allstate Life Insurance Company Annuity be divided equally among the three children of Ms. Nicolene Falcone, Mr. Frank Falcone, Ms. Carol Vilcko and Ms. Mary Lou McBrearty.

    B. Order that Allstate Life Insurance Company's request for attorney fees and/or costs be denied, but to the extent that any such fees or costs are awarded that the same, if any, be paid from the proceeds of the portion of the Annuity to be paid to Ms. Mary Lou McBrearty.

## CROSSCLAIM

31. Defendants, Frank Falcone and Carol Vilcko, Crossclaim against Defendant, Mary Lou McBrearty, and in so doing incorporate all of the averments contained in paragraphs 1 through 30 as though fully set forth.

32. Nicolene Falcone executed a Power of Attorney on or about September 25, 1985, naming her daughters Mary Lou McBrearty or Carol Vilcko as her true and lawful attorney. A true and correct copy of Ms. Falcone's Power of Attorney is attached hereto, incorporated herein, and marked as Exhibit "A".

33. The Power of Attorney does not grant the authority to the Agents to make gifts.

34. Upon review of the checking account of Ms. Falcone it appears that there are a number of discrepancies in the check register in 2009. The check register indicates a number of teller withdrawn amounts totaling approximately $2,000.00.

35. On or about August 20, 2010, Mary Lou McBrearty cashed in withdrew the principal amount of a Certificate of Deposit Account Number 88801000223304, in the name of Nicolene Falcone in the amount of $16,440.24. None of the records of Nicolene Falcone indicate that Ms. McBrearty deposited that amount in any of Ms. Falcone's accounts.

36. Commonwealth of Pennsylvania Statute at 20 Pa.C.S.A. § 5601 et seq., indicates that the agent has a fiduciary relationship under the Power of Attorney in the absence of a specific provision to the contrary. The fiduciary responsibility includes exercising the powers for the benefit of the principle, keeping separate the assets of the principle from those of the agent, and keeping a full and accurate record of all actions, receipts and disbursements on behalf of the principle.

37. Pennsylvania Statute also requires that the agent shall file an account of his administration whenever directed to do so by a Court.

38. Defendants, Frank Falcone and Carol Vilcko, believe, and therefore aver, that Defendant, Mary Lou McBrearty, abused her fiduciary relationship and converted the funds of Nicolene Falcone to her own benefit contrary to the powers granted in the Power of Attorney.

WHEREFORE, Defendants, Carol Vilcko and Frank Falcone respectfully requests this

Honorable Court to:

    A.    Order that Defendant, Mary Lou McBrearty provide for a written account of all disbursements made for or on behalf of Nicolene Falcone, including, but not limited to the Certificate of Deposit and the teller withdrawn amounts;

    B.    Order that to the extent Ms. McBrearty converted funds of Nicolene Falcone to her own use that the same be declared null, void and invalid under the terms of the Power of Attorney which specifically excludes the power to make gifts.

Respectfully submitted,

*/s/ George R. Hludzik*
GEORGE R. HLUDZIK, ESQUIRE
Supr. I.D. #54238
67 West Butler Drive
Drums, PA 18222
(570) 788-2121

Attorney for Defendants,
Carol Vilcko and Frank Falcone