## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **ALLSTATE LIFE INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.** |
| | : | **3:11-cv-01860-ARC** |
| **v.** | : | |
| | : | |
| **MARY LOU McBREARTY, CAROL** | : | |
| **VILCKO and FRANK FALCONE** | : | |
| | : | |
| **Defendants** | : | |

_____

**BRIEF OF DEFENDANT, MARY LOU McBREARTY, IN SUPPORT
OF MOTION TO DISMISS THE CROSS CLAIM OF DEFENDANTS
CAROL VILCKO AND FRANK FALCONE**


I.    FACTS

Plaintiff, Allstate Life Insurance Company filed this Interpleader

action seeking the court declare to whom payment of an annuity should be

made. *See* Plaintiff's Complaint.

The specific fund in controversy (hereafter, the "STAKE") in this

matter is a Flexible Premium Deferred Annuity, certificate number

GA0686886, owned by Nicolene Falcone which provided a death benefit

upon the death of Nicolene Falcone. *See,* Plaintiff's Complaint, ¶7-8 and

Exhibit "A" thereto.

1

Nicolene Falcone died on May 8, 2011. *See,* Plaintiff's Complaint, ¶19.

Plaintiff's Complaint identifies the three defendants hereto as the claimants to the stake. *See,* Plaintiff's Complaint ¶21-23.

Defendants Carol Vilcko and Frank Falcone have filed a Crossclaim against Defendant, Mary Lou McBrearty, in which they allege that Ms. McBrearty, as Power of Attorney for Nicolene Falcone during Falcone's lifetime, is liable for the alleged conversion of funds from: (a) Nicolene Falcone's checking account during Ms. Falcone's lifetime in the year 2009 (*See,* Vilcko and Falcone Answer/Crossclaim ¶34 and ¶38); and (b) Nicolene Falcone's Certificate of Deposit Account Number 88801000223304 during Ms. Falcone's lieftime on or about August 20, 2010. *See,* Crossclaim ¶35 and ¶38.

The Crossclaim of Defendants Vilcko and Falcone seeks an Accounting "of all disbursements made for or on behalf of Nicolene Falcone, including, but not limited to the Certificate of Deposit and the teller withdrawn amounts," and an "Order that to the extent Ms. McBrearty converted funds of Nicolene Falcone to her own use that the same be declared null, void and invalid under the terms of the Power of Attorney

which specifically excludes the power to make gifts." *See,* Vilcko and

Falcone Crossclaim, *Ad Damnum* clause.


## II.     LAW AND ARGUMENT

### A. Subject Matter Jurisdiction

This court lacks subject matter jurisdiction over the Crossclaim of

Defendants, Vilcko and Falcone. Therefore, pursuant to Fed. R. Civ. P.

12(b)(1), the Crossclaim must be dismissed.

In deciding a Motion to Dismiss, the District Court must accept all

factual allegations as true and construe the complaint in the light most

favorable to the Plaintiff (here the Crossclaimants) and determine whether,

under any reasonable reading of the complaint, the Plaintiff may be entitled

to relief. ***Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008).**

Fed. R. Civ. P. 13(g) permits a Crossclaim against a co-party only

where the Crossclaim arises out of the transaction or occurrence that is the

subject matter of the original action or counterclaim, or if the claim relates to

any property that is the subject matter of the original action.

"A Crossclaim is intended to state a claim which is ancillary to a

claim stated in a complaint or counterclaim which has previously been filed

against the party stating the Crossclaim (citations omitted). Unless so limited

the rule could have the effect of extending the jurisdiction of a District Court to controversies not within the federal judicial power in violation of the constitution." *Danner v. Anskis,* **256 F.2d 123, 124 (3d. Cir. 1958).**

In cases where a stakeholder is faced with rival claims to the fund itself and the stakeholder acknowledges – or denies – his liability to the one or the other of the claimants, the fund itself is the target of the claimants and it "marks the outer limits of the controversy." *State Farm Fire and Casualty Co. v. Tashire,* **386 U.S. 52, 533, 87 S.Ct. 1199, 18 L. Ed. 2d. 270 (1967).**

In the case at bar, the subject matter of the original action is specifically limited to a Stake which is identified as a Flexible Premium Deferred Annuity, certificate number GA0686886. The stakeholder, Allstate Life Insurance Co., acknowledges its responsibility to one or more of the claimants to the Stake. Therefore, the annuity fund itself is the target of the claims and it "marks the outer limits of the controversy."  The defendants' Crossclaim, however, relates to a checking account and Certificate of Deposit owned by Nicolene Falcone, and seeks an accounting of disbursements made by Defendant McBrearty as Power of Attorney for Nicolene Falcone during Falcone's lifetime. Since the subject matter of the

Crossclaim is not even remotely related to the subject matter of the original action, the Crossclaim cannot survive.

Moreover, the three claimants to the Stake in this case are all residents of Pennsylvania. It is only because of Allstate's status as a resident of Illinois that there is sufficient diversity for this court to have jurisdiction. Allstate seeks to be relieved of liability and asks that it be allowed to pay the Stake into the court so that the defendants can litigate among themselves. The claims which the codefendants assert in the Crossclaim are unrelated to the Allstate fund and assert actions that would lack independent federal court jurisdiction if they were to be brought independently against McBrearty. For all these reasons, the Crossclaim should be dismissed.

### B. Failure to State a Claim for Which Relief Can be Granted

For the same reasons asserted above, the Crossclaim also fails, and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

### C. Lack of Standing and Capacity to Sue

The Defendants' Crossclaim fails to state a claim upon which relief can be granted because the Crossclaimants lack standing and capacity to sue.

A party has standing to file suit if it can demonstrate (1) injury in fact, (2) causation, and (3) redressability. ***Summers v. Earth Island Inst.* 555 U.S. 488, 493 (2009).**  Additionally, Fed. R. Civ. P. 17 requires that "an action must be prosecuted in the name of the real party in interest."

In the case at bar, if the allegations contained in Defendants' Crossclaim are true, then the injury in fact relates to the checking account and certificate of deposit of the Estate of Nicolene Falcone, a non party to this action.  Since the Estate is not a party to this action, it cannot have sustained an injury in fact and cannot, therefore, meet the first element of standing.

Further, the Crossclaim seeks relief in the form of an accounting and the return of funds to Nicolene Falcone, who is deceased. Therefore, the only entity with capacity to bring the Crossclaim pursuant to Fed. R. Civ. P. 17, even if it were permitted, would be the Estate representative.

For all the foregoing reasons, the Crossclaim of Defendants Vilcko and Falcone must be dismissed.

By:   /s/ Carl J. Guagliardo
Carl J. Guagliardo
PA Supreme Court No. 68876
SELINGO GUAGLIARDO, LLC
345 Market Street
Kingston, PA 18704
570-287-2400

6

570-287-6810 (fax)
cguagliardo@getyourselfagoodlawyer.com


/s/ Richard J. Marusak

Richard J. Marusak
PA Supreme Court No. _____
USTYNOSKI & MARUSAK, LLC
101 West Broad Street
205 HNB Building
Hazleton, PA 18201
570-455-3683
570-455-8355
PA. Supreme Ct. No. 23335
umat@ptd.net

Attorneys for Defendant, Mary Lou
McBrearty